UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANA L. ROJAS, *Individually and On Behalf of All Others Similarly Situated*,

                Plaintiff,

v.

L-RAY, LLC d/b/a ALTA RESTAURANT, CHRISTOPHER CHESNUTT, *and* EWA OLSEN,

                Defendants.

**ORDER**

20 Civ. 6109 (ER)

RAMOS, D.J.

       On August 5, 2020, Ana L. Rojas brought this putative collective action against L-Ray, LLC d/b/a Alta Restaurant, Christopher Chesnutt, and Ewa Olsen for violations of the Fair Labor Standards Act ("FLSA") and associated state law claims.  Doc. 1.  On December 2, 2020, the Court ordered Rojas to submit a status report, noting that she had not filed proof of service and defendants had not appeared.  Doc. 6.  On December 23, 2020, defendants entered their appearance.  Doc. 13.  On January 2, 2021, the parties were referred to mediation.  Doc. 15.  On January 28, 2021, after having been granted an extension by the Court, defendants answered.  Docs. 14, 18.  On March 30, 2021, the date of the parties' scheduled mediation, Rojas informed the Court that the parties had held their own settlement discussions and believed that they could resolve the case without mediation.  Doc. 19.  The Court therefore ordered the parties to submit their proposed settlement agreement for the Court's review pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), by April 30, 2021.  Doc. 20.  They did not.

       On June 14, 2021, the Court ordered Rojas to show cause why the Court should not dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  On July 9, 2021, the parties appeared at the show cause hearing via telephone, and the Court granted them an

additional thirty days, until August 9, 2021, to file their settlement agreement. On August 9, 2021, instead of filing the proposed agreement, Rojas filed another status report informing the Court that defendants were prepared to serve her an offer of judgment pursuant to Rule 68(a) of the Federal Rules of Civil Procedure. Rojas requested a further twenty-one days to file the accepted offer of judgment or provide a further status report. Doc. 25. On August 10, 2021, the Court granted the request and directed the parties to file their submissions relating to the offer of judgment by August 30, 2021. Doc. 26. Again they did not, and Rojas did not submit any further status report.

On December 10, 2021, the Court order the parties to submit either their proposed settlement agreement or the accepted offer of judgment pursuant to Fed. R. Civ. P. 68(a) no later than December 20, 2021, and warned that failure to do so would result in dismissal. Doc. 27. The parties did not do so, and Rojas has not provided any explanation for that failure.

For the reasons set forth below, the Court now dismisses Rojas' action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.     Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,

(2) whether plaintiff had received notice that further delays would result in dismissal,

(3) whether the defendant is likely to be prejudiced by further delay,

(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and

(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.     Discussion**

In the instant case, all of the *LeSane* factors weigh in favor of dismissal.  *First*, Rojas has neither communicated with the Court nor responded to two Court orders since she submitted her final status report on August 9, 2021.  Doc. 25.  Before that, the Court has had to prod Rojas to proceed with this case three times.  First, on December 2, 2020, four months after Rojas initiated the case, the Court directed her to submit proof of service and warned that failure to comply could result in dismissal under Fed. R. Civ. P. 4(m).  Doc. 6.  Second, on June 14, 2021, the Court ordered the parties to appear at a telephonic conference for Rojas to show cause why the case should not be dismissed for failure to prosecute, after the parties did not submit their settlement agreement for approval by the deadline of April 30, 2021.  Docs. 20, 22.  Third, on December 10, 2021, after the parties did not submit either their settlement agreement or the accepted offer of judgment by either the extended deadline of August 9, 2021, or the further extended deadline of August 30, 2021, the Court directed the parties to do so no later than December 20, 2021, or the case would be dismissed.  Doc. 27.  Despite repeated extensions, Rojas has not taken meaningful action to prosecute the case since informing the Court on March 30, 2021—nearly nine months ago—that the parties had reached settlement.  Doc. 19.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Rojas was given clear notice that failure to respond to Court orders could result in dismissal.  On December 10, 2021, the Court gave Rojas a third extended deadline of December 20, 2021 to submit the parties' settlement agreement and specifically warned that "[f]ailure to do so *will* result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)."  Doc. 27 at 2 (emphasis added).

*Third*, while there is no specific indication in the record that defendants have been prejudiced by the delay, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Because Rojas has failed to advance her case for the last nine months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Rojas has not taken advantage of her "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Rojas has ignored two Court orders and delayed this case for several months, there are no weaker sanctions that could remedy her failure to prosecute this case. Dismissal is appropriate where, as here, Rojas "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Rojas' case with prejudice.  The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: December 28, 2021
New York, New York

_____
Edgardo Ramos, U.S.D.J.

4